COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


CATHY WILLIAMS

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0186-05-2                        PER CURIAM
                                                    JULY 26, 2005
BUCKINGHAM DEPARTMENT OF
  SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF BUCKINGHAM COUNTY
                            Richard S. Blanton, Judge

           (James C. Bell, on brief), for appellant.

           (Michael J. Brickhill; Michael J. Brickhill, P.C., on brief), for
           appellee.

           (Michael J. Hallahan, II, Guardian *ad litem* for the minor children).


        Cathy Williams appeals a decision terminating her parental rights to her two minor children.

She contends the evidence was insufficient to support the termination of her parental rights pursuant

to Code § 16.1-283(B) and (C).  Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

Rule 5A:27.

                                       Background

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence

established that the mother contacted the Buckingham Department of Social Services on February 5,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2003 seeking assistance for financial and housing issues. Two months later, the daughter reported that her father had sexually abused her and her two-year-old brother. The two children were taken into emergency custody.

The Department placed the children into foster care and prepared a foster care plan with the initial goal of returning the children home. The Department identified several issues that needed to be resolved before the children could be returned home. The mother had mental health issues and parenting problems. The father was a previous sex offender, was suspected of and later convicted of abusing his two children, and had substance abuse problems. The children needed mental-health services to address the sexual abuse they suffered. In addition, marital discord and housing problems needed resolution. To remedy these issues, the Department recommended that the mother maintain a household separate from the father, receive mental-health parenting and counseling. The Department also assisted the mother in finding a job, and it arranged supervised visitation for mother with the children with the goal of helping her to make good choices when she was with the children.

Despite the assistance offered by the Department, the mother failed to progress in these areas. Although she received a mental health evaluation, she failed to complete the recommended counseling. Because of a "lack of engagement" between mother and children during visitation, the Department referred the mother and children for psychological assessment and treatment. Dr. Robert Marvin evaluated the mother and children and found them to have severe and "high risk" attachment issues. Dr. Marvin concluded that mother needed three to five years of psychotherapy to address her problems and that, during this therapy, the children would need to be placed in stable homes for their own well-being.

After the mother reported to the Department that her husband was a "dangerous, alcoholic monster," the Department arranged for her to live at a shelter for abused women. Within a week,

however, the mother reunited with her husband. The mother also threatened to kill her adult daughter, to kidnap her children, and to harm the foster care and daycare providers that were caring for her children. In light of these events, the Department terminated the mother's visitation and changed the foster care goal to adoption. At the conclusion of the hearing, the trial judge terminated the mother's parental rights upon the Department's recommendation.

Analysis

When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

"The termination of residual parental rights is a grave, drastic and irreversible action." Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991). Thus, we look to the statutory framework. Code § 16.1-283(B) provides that parental rights of a parent of neglected or abused children may be terminated if the trial judge finds by clear and convincing evidence that termination is in the children's best interests, that the neglect or abuse presented a substantial threat to the children's life, health, and development, and that it is unlikely the conditions that resulted in the neglect or abuse can be substantially corrected or eliminated so as to allow the children to safely return to their parent's care within a reasonable period of time. Proof that the parent, without good cause, has not responded or followed through with appropriate efforts by the various agencies designed to reduce, eliminate, or prevent the neglect or abuse is *prima facie* evidence of these conditions.

Code § 16.1-283(C)(2) requires proof by clear and convincing evidence (1) that the termination is in the best interests of the child, (2) that "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) that, despite these services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care." When as here, the trial judge's decision is based upon evidence considered *ore tenus* we presume the trial judge has "'thoroughly weighed all the evidence [and] considered the statutory requirements.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).

The evidence was sufficient to prove clearly and convincingly that termination of the mother's parental rights was in her children's best interest. Although the mother was offered services and assistance, she failed to make any progress in addressing the abuse and neglect of her children during the one and one-half years the children were in foster care. Rather, the mother threatened to kidnap the children from their caregivers and threatened to harm those caring for her children. In addition, she reunited with her abusive husband after the Department assisted her in obtaining safe shelter. Dr. Marvin concluded that the mother needed three to five years of psychotherapy to address her problems leading to attachment issues with her children and that the children would need to be placed in stable homes for the duration of her treatment. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record, therefore, supports the trial judge's finding that the Department proved by clear and convincing evidence that the mother's parental rights should be terminated and that the

termination of mother's parental rights was in her children's best interest.  Accordingly, we summarily affirm the judgment.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>